**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of West Virginia

Case number (*If known*): _____  Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Charleston Newspapers |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 5 5 - 0 6 7 6 0 7 9 |
| 4. | **Debtor's address** | **Principal place of business** 1001 Virginia Street East Charleston, WV 25301  Kanawha County County | **Mailing address, if different from principal place of business**  **Location of principal assets, if different from principal place of business** |
| 5. | **Debtor's website** (URL) | https://www.wvgazettemail.com |
| 6. | **Type of debtor** | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) ☐ Partnership (excluding LLP) ☒ Other. Specify: Joint Venture |

Debtor  **Charleston Newspapers**                                  Case number (*if known*)_____
        Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

_5_ _1_ _1_ _1_

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District _____  When _____  Case number _____
                                        MM / DD / YYYY
        District _____  When _____  Case number _____
                                        MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No        See Attached 201 Question 10 Continuation
☒ Yes.  Debtor _____  Relationship _____
        District _____  When _____
                                                        MM / DD / YYYY
        Case number, if known _____

Voluntary Petition for Non-Individuals Filing for Bankruptcy

Debtor   Charleston Newspapers                                    Case number (*if known*)_____
         Name

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?**

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
              Contact name      _____
              Phone            _____

### Statistical and administrative information

13. **Debtor's estimation of available funds**

    *Check one:*

    ☒ Funds will be available for distribution to unsecured creditors.
    ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors**

    | | | |
    |---|---|---|
    | ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
    | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
    | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
    | ☒ 200-999 | | |

15. **Estimated assets**

    | | | |
    |---|---|---|
    | ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
    | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
    | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
    | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor  Charleston Newspapers                                    Case number (*if known*)_____
        Name

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| --- | --- | --- | --- |
| | ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/30/2018
              MM / DD / YYYY

✗ /s/ Norman W. Shumate III                    Norman W. Shumate III
  Signature of authorized representative of debtor    Printed name

Title  Authorized Signatory

**18. Signature of attorney**

✗ /s/ Joe M. Supple                            Date  01/30/2018
  Signature of attorney for debtor                   MM / DD / YYYY

Joe M. Supple
Supple Law Office, PLLC
801 Viand St.
Point Pleasant, WV 25550

304.675.6249                                   joe.supple@supplelaw.net
Contact phone                                  Email address

8013                                           WV
Bar number                                     State

**And**

Brian A. Audette
Perkins Coie LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603

312.324.8400                                   baudette@perkinscoie.com
Contact phone                                  Email address

06277056                                       IL
Bar number                                     State

Voluntary Petition for Non-Individuals Filing for Bankruptcy

Debtor  Charleston Newspapers  Case number (*if known*) _____
     Name

Schedule 201
10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?
Continuation Page

| Debtor | Relationship | District | Date Filed | Case number |
|---|---|---|---|---|
| Daily Gazette Company | Affiliate | Southern District of West Virginia | | |
| Daily Gazette Holding Company, LLC | Affiliate | Southern District of West Virginia | | |
| Charleston Newspapers Holdings, L.P. | Affiliate | Southern District of West Virginia | | |
| Daily Gazette Publishing Company, LLC | Affiliate | Southern District of West Virginia | | |
| G-M Properties, Inc. | Affiliate | Southern District of West Virginia | | |

## Resolutions of the General Partner of Charleston Newspapers Holdings, L.P. and a Majority of the Board of Managers of Daily Gazette Holding Company LLC

(JANUARY 29, 2018)

The undersigned, the sole General Partner of Charleston Newspapers Holdings, L.P. (the "General Partner") and the majority of the Board of Managers ("Board") of Daily Gazette Holding Company LLC, do hereby waive notice for a meeting and do hereby consent to the adoption of the following resolutions, which resolutions shall be deemed to be adopted as of the date set forth above and to have the same force and effect as if such resolutions were adopted by the General Partner and/or the Board at a duly convened meeting held for such purpose.

WHEREAS, the Board and General Partner are informed and believe that the aggregate amount of the debts exceed by a significant margin the fair salable value of the following entities and their assets: (a) Daily Gazette Company ("DGC"); (b) Daily Gazette Holding Company, LLC ("Gazette Holding"); (c) Charleston Newspapers Holdings, L.P. ("CNH"); (d) Daily Gazette Publishing Company LLC ("Gazette Publishing"); (e) Charleston Newspapers; and (f) G-M Properties, Inc. ("G-M" and together with Gazette Holding, CNH and Charleston Newspapers, the "Subsidiaries");

WHEREAS, liquidity challenges have made it difficult for DGC and its Subsidiaries to pay their debts as they become due without additional cash infusions from United Bank;

WHEREAS, DGC and its Subsidiaries presently owe United Bank in excess of $15.6 million and United Bank has requested that DGC and its Subsidiaries sell substantially all of their assets pursuant to a going-concern sale;

WHEREAS, DGC and its Subsidiaries owe termination liability to the Pension Benefit Guaranty Corporation in the $12 million range;

WHEREAS, an arbitration award was entered and confirmed in favor of Medianews Group, Inc. and Charleston Publishing Company against DGC and Gazette Holding for approximately $3.8 million;

WHEREAS, the Board and General Partner are informed and believe that a sale of DGC and its Subsidiaries through a chapter 11 bankruptcy proceeding will maximize the value of the business enterprise for the benefit of all stakeholders;

WHEREAS, DGC is the sole member of Gazette Holding, Gazette Holding is the General Partner of CNH, CNH is the sole member of Gazette Publishing, and CNH manages Charleston Newspapers' business;

WHEREAS, the Board and General Partner have determined that it is in the best interest of CNH, Charleston Newspapers, and Gazette Publishing and all of their stakeholders, including shareholders, directors, officers, employees, partners, members, managers, secured and unsecured creditors, vendors, and subscribers, and also the community at large and a reading public benefited by DGC's century-old tradition of journalistic excellence, to: (a) file voluntary petitions for relief (the "Bankruptcy Cases") under Chapter 11 of title 11 of the United States

137794756.1

Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"); (b) enter into that certain Asset Purchase Agreement by and among DGC and the Subsidiaries and Wheeling Newspapers, Inc., which shall be subject to higher and better offers in the Bankruptcy Cases (the "Stalking Horse APA"); (c) enter into that certain Post-Petition Loan and Security Agreement by and among the Debtors and United Bank, pursuant to which DGC and its Subsidiaries shall be provided sufficient access to cash and liquidity to ensure that they can operate in the ordinary course of business pending sale transaction in the Bankruptcy Cases (the "Post-Petition Loan Agreement"); and (d) adopt and implement that certain Charleston Newspapers Key Employee Incentive Plan to ensure that Charleston Newspapers' key management personnel continue to work at an optimal level during the Bankruptcy Cases pending a sale transaction (the "KEIP");

**NOW, THEREFORE, BE IT RESOLVED**, that that the Board and General Partner, on behalf of CNH, Charleston Newspapers, and Gazette Publishing deem it advisable and in the best interests of CNH, Charleston Newspapers and Gazette Publishing to: (a) file the Bankruptcy Cases in the United States Bankruptcy Court for the Southern District of West Virginia (the "Bankruptcy Court"); (b) enter into the Stalking Horse APA; (c) enter into the Post-Petition Loan Agreement; and (d) adopt and implement the KEIP; and it is further

**RESOLVED**, that Elizabeth E. Chilton, President of DGC, Philip T. Smith, Secretary of DGC, and Norman W. Shumate III, the President of Charleston Newspapers and Vice President of DGC (collectively, "Authorized Officers") be, and each of them hereby is, authorized and directed, on behalf of and in the name of CNH, Charleston Newspapers, and Gazette Publishing to execute and verify bankruptcy petitions and cause the same to be filed with the Bankruptcy Court at such time as the Authorized Officer executing such petitions on behalf of CNH, Charleston Newspapers and Gazette Publishing shall determine; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and in that connection, to employ and retain all assistance by legal counsel, financial consultants, accountants, or other professionals, and to take any and all action which they deem necessary and proper in the Bankruptcy Cases with a view to the successful prosecution of such Chapter 11 cases; and it is further

**RESOLVED**, that CNH, Charleston Newspapers, and Gazette Publishing as debtors and debtors in possession under Chapter 11 of the Bankruptcy Code, shall be, and hereby are, authorized, as they deem necessary, to (a) conduct, manage, and supervise a sale of CNH, Charleston Newspapers and Gazette Publishing and all of their respective assets, (b) borrow funds in such amounts, from such lenders and on such terms as may be approved by any one or more of the Authorized Officers as reasonably necessary for the continuing conduct of the affairs of CNH, Charleston Newspapers, and Gazette Publishing and (c) grant security interests in and liens upon all or substantially all of CNH's, Charleston Newspapers' and/or Gazette Publishing's assets as may be deemed reasonably necessary by any one or more of the Authorized Officers in connection with such borrowings or in connection with obtaining authority to use cash collateral, or otherwise; and it is further

**RESOLVED**, that the Authorized Officers shall be, and each of them hereby is, authorized and empowered to execute and deliver for and on behalf of CNH, Charleston

137794756.1

Newspapers, and Gazette Publishing as debtors and debtors in possession under Chapter 11 of the Bankruptcy Code, agreements, instruments, and any and all other documents necessary or appropriate to facilitate the transactions contemplated by the foregoing resolution; and it is further

**RESOLVED**, that (a) the engagement of the law firm of Perkins Coie LLP ("Perkins Coie") and Supple Law Office as co-counsel for DGC and the Subsidiaries in connection with the Chapter 11 bankruptcy filings is hereby adopted and approved and (b) the previously approved engagement of Perkins Coie as DGC's and the Subsidiaries' legal counsel in connection with the potential restructuring of the Company is hereby ratified, acknowledged and affirmed; and it is further

**RESOLVED**, that DGC's engagement of Phil Murray and the firm Dirks, Van Essen & Murray as the broker in connection with the marketing and proposed sale of DGC and the Subsidiaries pursuant to the terms and conditions of that certain Letter Agreement dated as of September 26, 2017 is hereby ratified, acknowledged and affirmed; and it is further

**RESOLVED**, that each of the lawful acts of the Board, General Partner or any Authorized Officers taken prior to the date hereof in connection with the transactions contemplated by the foregoing resolutions, is hereby ratified, approved, adopted, and confirmed as if each such act had been presented and approved prior to being taken; and it is further

**RESOLVED**, that each of the Authorized Officers hereby is authorized to do or cause to be done all such acts or things, to pay all such fees and expenses, to make all such payments, and to sign and deliver, or cause to be signed and delivered, all such documents, instruments, and certificates (including, without limitation, all notices and certificates required or permitted to be given or made), in the name and on behalf of CNH, Charleston Newspapers, and Gazette Publishing or otherwise, as such officer may deem necessary or appropriate to carry out the purposes and intent of the foregoing resolutions and to perform the obligations of CNH, Charleston Newspapers, and Gazette Publishing under the agreements and instruments referred to herein; and it is further

**RESOLVED**, that the Authorized Officers hereby are authorized, empowered, and directed to certify and furnish such copies of these resolutions and such statements as to the incumbency of the Authorized Officers, under corporate seal if necessary, as may be requested, and any person receiving such certified copy is and shall be authorized to rely upon the contents thereof; and it is further

**RESOLVED**, that these resolutions may be executed by facsimile, telecopy or other reproduction, and such execution shall be considered valid, binding and effective for all purposes; and it is further

**RESOLVED**, that all actions taken by the Authorized Officers on behalf of CNH, Charleston Newspapers and Gazette Publishing in connection with the matters described in the foregoing resolutions are hereby ratified and confirmed in all respects.

[Signature Page Follows]

**Daily Gazette Company**

By: *Elizabeth E. Chilton*
Elizabeth E. Chilton, its President

## Majority Of The Board Of Managers Of Daily Gazette Holding Company LLC

**Elizabeth E. Chilton**

By: *Elizabeth E. Chilton*

Date: January 29, 2018

**Susan C. Shumate**

By: *Susan C. Shumate*

Date: 1-29-2018

**Philip T. Smith**

By: *Philip T. Smith*

Date: 1/29/2018

## Resolutions of the Board of Directors of Daily Gazette Company

(JANUARY 29, 2018)

The undersigned, being 100% of the board of directors ("Board") of Daily Gazette Company, following a meeting of the Board, does hereby consent to the adoption of the following resolutions, which resolutions shall be deemed to be adopted as of the date set forth above and to have the same force and effect as if such resolutions were adopted by the Board at a duly convened meeting held for such purpose.

WHEREAS, the Board is informed and believes that the aggregate amount of the debts exceed by a significant margin the fair salable value of the following entities and their assets: (a) Daily Gazette Company ("DGC"); (b) Daily Gazette Holding Company, LLC ("Gazette Holding"); (c) Charleston Newspapers Holdings, L.P. ("CNH"); (d) Daily Gazette Publishing Company LLC ("Gazette Publishing"); (e) Charleston Newspapers; and (f) G-M Properties, Inc. ("G-M" and together with Gazette Holding, CNH and Charleston Newspapers, the "Subsidiaries");

WHEREAS, liquidity challenges have made it difficult for DGC and its Subsidiaries to pay their debts as they become due without additional cash infusions from United Bank;

WHEREAS, DGC and its Subsidiaries presently owe United Bank in excess of $15.6 million and United Bank has requested that DGC and its Subsidiaries sell substantially all of their assets pursuant to a going-concern sale;

WHEREAS, DGC and its Subsidiaries owe termination liability to the Pension Benefit Guaranty Corporation in the $12 million range;

WHEREAS, an arbitration award was entered and confirmed in favor of Medianews Group, Inc. and Charleston Publishing Company against DGC and Gazette Holding for approximately $3.8 million;

WHEREAS, the Board is informed and believes that a sale of DGC and its Subsidiaries through a chapter 11 bankruptcy proceeding will maximize the value of the business enterprise for the benefit of all stakeholders;

WHEREAS, the Board has determined that it is in the best interest of DGC and its Subsidiaries and all of their respective stakeholders, including shareholders, directors, officers, employees, secured and unsecured creditors, vendors, and subscribers, and also the community at large and a reading public benefited by DGC's century-old tradition of journalistic excellence, to: (a) file voluntary petitions for relief (the "Bankruptcy Cases") under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"); (b) enter into that certain Asset Purchase Agreement by and among DGC and the Subsidiaries and Wheeling Newspapers, Inc., which shall be subject to higher and better offers in the Bankruptcy Cases (the "Stalking Horse APA"); (c) enter into that certain Post-Petition Loan and Security Agreement by and among the Debtors and United Bank, pursuant to which DGC and its Subsidiaries shall be provided sufficient access to cash and liquidity to ensure that they can operate in the ordinary course of business pending sale transaction in the Bankruptcy Cases (the "Post-Petition Loan

137791461.1

Agreement"); and (d) adopt and implement that certain Charleston Newspapers Key Employee Incentive Plan to ensure that Charleston Newspapers' key management personnel continue to work at an optimal level during the Bankruptcy Cases pending a sale transaction (the "KEIP");

**WHEREAS**, DGC is the sole member of Gazette Holding;

**WHEREAS**, Gazette Holding is the sole general partner of CNH;

**WHEREAS**, CNH is the sole member of Gazette Publishing and manages the affairs of Charleston Newspapers, a West Virginia unincorporated joint venture;

**WHEREAS**, Charleston Newspapers is the sole shareholder of G-M;

**NOW, THEREFORE, BE IT RESOLVED**, that that the Board, on behalf of DGC itself and as the sole member of Gazette Holding, and Gazette Holding as the general partner of CNH, and CNH as the sole member of Gazette Publishing, and Charleston Newspapers as the sole shareholder of G-M, deems it advisable and in the best interests of DGC and its Subsidiaries to: (a) file the Bankruptcy Cases in the United States Bankruptcy Court for the Southern District of West Virginia (the "Bankruptcy Court"); (b) enter into the Stalking Horse APA; (c) enter into the Post-Petition Loan Agreement; and (d) adopt and implement the KEIP; and it is further

**RESOLVED**, that Elizabeth E. Chilton, President of DGC, Philip T. Smith, Secretary of DGC, and Norman W. Shumate III, the President of Charleston Newspapers and Vice President of DGC (collectively, "Authorized Officers") be, and each of them hereby is, authorized and directed, on behalf of and in the name of DGC and the Subsidiaries, to execute and verify bankruptcy petitions to commence the Bankruptcy Cases in the Bankruptcy Court at such time as the Authorized Officer executing such petitions on behalf of DGC and the Subsidiaries shall determine; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized to execute all petitions, schedules, motions, lists, applications, pleadings, and other papers, and in that connection, to employ and retain all assistance by legal counsel, financial consultants, accountants, or other professionals, and to take any and all action which they deem necessary and proper in the Bankruptcy Cases with a view to the successful prosecution of such Bankruptcy Cases; and it is further

**RESOLVED**, that DGC and the Subsidiaries, as debtors and debtors in possession under Chapter 11 of the Bankruptcy Code, shall be, and hereby are, authorized, as they deem necessary, to (a) conduct, manage, and supervise a sale of DGC and the Subsidiaries and all of their respective assets, (b) borrow funds in such amounts, from such lenders and on such terms as may be approved by any one or more of the Authorized Officers as reasonably necessary for the continuing conduct of the affairs of DGC and the Subsidiaries, and (c) grant security interests in and liens upon all or substantially all of DGC's and/or the Subsidiaries' assets as may be deemed reasonably necessary by any one or more of the Authorized Officers in connection with such borrowings or in connection with obtaining financing and/or authority to use cash collateral, or otherwise; and it is further

137791461.1

**RESOLVED**, that the Authorized Officers shall be, and each of them hereby is, authorized and empowered to execute and deliver for and on behalf of DGC and the Subsidiaries, as debtors and debtors in possession under Chapter 11 of the Bankruptcy Code, agreements, instruments, and any and all other documents necessary or appropriate to facilitate the transactions contemplated by the foregoing resolution; and it is further

**RESOLVED**, that (a) the engagement of the law firms of Perkins Coie LLP ("Perkins Coie") and Supple Law Office ("Supple Law") as co-counsel for DGC and the Subsidiaries in connection with the Bankruptcy Cases is hereby adopted and approved and (b) the previously approved engagement of Perkins Coie as DGC's and the Subsidiaries' legal counsel in connection with the potential restructuring of the Company is hereby ratified, acknowledged and affirmed; and it is further

**RESOLVED**, that DGC's engagement of Phil Murray and the firm Dirks, Van Essen & Murray as consultant and broker in connection with the marketing and proposed sale of DGC's and the Subsidiaries' assets pursuant to the terms and conditions of that certain Letter Agreement dated as of September 26, 2017 is hereby ratified, acknowledged and affirmed; and it is further

**RESOLVED**, that each of the lawful acts of the Board or any Authorized Officers taken prior to the date hereof in connection with the transactions contemplated by the foregoing resolutions, is hereby ratified, approved, adopted, and confirmed as if each such act had been presented and approved prior to being taken; and it is further

**RESOLVED**, that each of the Authorized Officers hereby is authorized to do or cause to be done all such acts or things, to pay all such fees and expenses, to make all such payments, and to sign and deliver, or cause to be signed and delivered, all such documents, instruments, and certificates (including, without limitation, all notices and certificates required or permitted to be given or made), in the name and on behalf of DGC, the Subsidiaries, or otherwise, as such officer may deem necessary or appropriate to carry out the purposes and intent of the foregoing resolutions and to perform the obligations of DGC and the Subsidiaries under the agreements and instruments referred to herein; and; and it is further

**RESOLVED**, that the Authorized Officers hereby are authorized, empowered, and directed to certify and furnish such copies of these resolutions and such statements as to the incumbency of the Authorized Officers, under corporate seal if necessary, as may be requested, and any person receiving such certified copy is and shall be authorized to rely upon the contents thereof; and it is further

**RESOLVED**, that these resolutions may be executed by facsimile, telecopy or other reproduction, and such execution shall be considered valid, binding and effective for all purposes; and it is further

**RESOLVED**, that all actions taken by the Authorized Officers on behalf of DGC and the Subsidiaries in connection with the matters described in the foregoing resolutions are hereby ratified and confirmed in all respects.

**[Signature Page Follows]**

## Board Of Directors Of Daily Gazette Company

By: *Elizabeth E Chilton*
   Elizabeth E. Chilton

Date: January 29-2018

By: *Susan C Shumate*
   Susan C. Shumate

Date: 1-29-2018

By: *Philip T. Smith*
   Philip T. Smith

Date: 1/29/2018

By: *Robert L. Smith II*
   Robert L. Smith II

Date: 1/29/2018

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Charleston Newspapers |
| United States Bankruptcy Court for the: | Southern District of West Virginia |
| Case number (If known): | _____ |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Pension Benefit Guaranty Corporation Office of the General Counsel 1200 K Street NW, Suite 340 Washington, DC 20005 | Marc S. Pfeuffer, GC 202-326-4020 Pfeuffer.Marc@pbgc.gov | Unfunded Benefit Liability | | | | 12,000,000.00 |
| 2 | BD White Birch Investment LLC Box 513056 Philadelphia, PA 19175-3056 | Luci Pilo 819-986-4300 lucipilo@papermasson.com | Trade Debt | | | | 304,134.67 |
| 3 | Gibbons & Kawash A.C. 300 Chase Tower 707 Virginia Street East Charleston, WV 25301-2710 | Stephen E. Kawash 304-345-8400 skawash@gandkcpas.com | Professionals | | | | 64,237.62 |
| 4 | Resolute FP US Inc. Lockbox #7117 PO Box 8500 Philadelphia, PA 19178-7117 | 514-394-3258 remittance@ResoluteFP.com | Trade Debt | | | | 45,681.08 |
| 5 | Sun Chemical PO Box 2193 Carol Stream, IL 60132-2193 | 800-543-1822 usci-orders@sunchemical.com | Trade Debt | | | | 33,308.09 |
| 6 | Karen H. Miller Attorneys at Law 2 Hale Street Charleston, WV 25301 | Karen Miller 304-343-7910 kmiller@karenmillerlaw.com | Professionals | | | | 29,917.16 |
| 7 | Michael Best & Friedrich LLP PO Box 88462 Milwaukee, WI 53288-0462 | 312-596-5838 | Professionals | | | | 11,998.35 |
| 8 | Erie Insurance 100 Erie Insurance Place Erie, PA 16530 | 304-347-8972 | Trade Debt | | | | 9,533.37 |

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**

Debtor __Charleston Newspapers_____ Case number (*if known*)_____
     Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Guardian  PO Box 677458  Dallas, TX 75267-7458 | 800-627-4200 | Trade Debt | | | | 7,628.14 |
| 10 | Stanley Hunt DuPree & Rhine  Fee Processing Group  PO BOX 1033  Charleston, WV 25324-1033 | 336-291-1160 | Trade Debt | | | | 7,000.00 |
| 11 | Pro 1 Automotive LLC  Charleston Auto  PO Box 13412  Charleston, WV 25360 | 304-984-1869  towedup@aol.com | Trade Debt | | | | 6,314.35 |
| 12 | Sprint  PO Box 4191  Carol Stream, IL 60197-4191 | Brett Puckett  513-886-0050  brett.puckett@sprint.com | Trade Debt | | | | 4,895.52 |
| 13 | PDI Plastics  PO Box 635994  Cincinnati, OH 45263-5994 | C. Mahaffey  800-634-0017  CMahaffey@pdisaneck.com | Trade Debt | | | | 3,792.00 |
| 14 | Craig L. Selby  1419 Nottingham Road  Charleston, WV 25314 | Craig Selby | Retirement Supplement | | | | 3,670.95 |
| 15 | Shaker Recruitment Consultants  1100 Lake Street  Oak Park, IL 60301 | Cathy Cloud  708-358-0444  cathy.cloud@shaker.com | Trade Debt | | | | 3,093.76 |
| 16 | King Features Syndicate  PO Box 90007  Prescott, AZ 86304-9007 | Keith McCloat, GM  212-969-7550 | Trade Debt | | | | 2,376.96 |
| 17 | Cintas Corporation #525  PO Box 630910  Cincinnati, OH 45263 | 800-864-3676 | Trade Debt | | | | 2,049.72 |
| 18 | Software Business Systems  7401 Metro Blvd  Ste 550  Edina, MN 55424 | 952-835-0100 | Trade Debt | | | | 1,981.00 |
| 19 | Frontier Communications  PO Box 740407  Cincinnati, OH 45274-0407 | 800-921-8102  contactbusiness@ftr.com | Trade Debt | | | | 1,479.61 |
| 20 | Charleston Sanitary Board  City of Charleston Fees  Acct 204.8005.00.2  208 26th Street W  Charleston, WV 25387 | 304-348-1084 | Trade Debt | | | | 1,375.59 |

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Charleston Newspapers, | ) Case No. _____ |
| | ) |
| Debtor. | ) |

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 7007.1 AND LOCAL RULE 1007-1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure ("FRBP"), and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of West Virginia, Charleston Newspapers, a West Virginia unincorporated joint venture, represents:

(i)  Daily Gazette Publishing Company, LLC owns a 50% interest in Charleston Newspapers;

(ii) Charleston Newspapers Holdings, L.P. owns a 50% interest in Charleston Newspapers.

Charleston Newspapers further acknowledges its duty to file a supplemental statement promptly upon any change in circumstances that renders this L.R. 1007-1 Statement inaccurate.

Dated: January 30, 2018                     Charleston Newspapers Holdings, L.P.

                                            /s/ Norman W. Shumate III
                                            Norman W. Shumate III
                                            Its: Authorized Signatory

138353737.1

Additional - CN COS

**Fill in this information to identify the case and this filing:**

Debtor Name  Charleston Newspapers

United States Bankruptcy Court for the:  Southern District of West Virginia

Case number (If known): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration  Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/30/2018        X _/s/ Norman W. Shumate III_
MM / DD / YYYY                  Signature of individual signing on behalf of debtor

Norman W. Shumate III
Printed name

Authorized Signatory
Position or relationship to debtor

Declaration Under Penalty of Perjury for Non-Individual Debtors