# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Daily Gazette Company, | ) | Case No. 18-20028 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FEIN: 55-0154480 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Daily Gazette Holding Company, LLC, | ) | Case No. 18-20029 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FEIN: 20-1022981 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Charleston Newspapers Holdings, L.P., | ) | Case No. 18-20030 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FEIN: 20-1023028 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Daily Gazette Publishing Company, LLC, | ) | Case No. 18-20032 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FEIN: 20-1023074 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Charleston Newspapers, | ) | Case No. 18-20033 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FEIN: 55-0676079 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| G-M Properties, Inc., | ) | Case No. 18-20034 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FEIN: 55-0514124 | ) | |

138107933.1

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING
JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES
PURSUANT TO FED. R. BANKR. P. 1015(b) AND LOCAL RULE 1015-1(b)**

Daily Gazette Company, and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby move (the "Motion") this Court, pursuant to Rule 1015(b) of the Federal Rules of Civil Procedure (the "Bankruptcy Rules") and Rule 1015-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of West Virginia (the "Local Rules"), for entry of an order authorizing the Debtors to jointly administer their chapter 11 cases. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Norman W. Shumate III in Support of Chapter 11 Filings and First-Day Motions (the "First-Day Declaration"), which was filed contemporaneously herewith and incorporated herein by reference. In further support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b), and the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are Bankruptcy Rule 1015(b) and Local Rule 1015-1(b).

**BACKGROUND**

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are continuing to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or creditors' committee has been appointed in these Chapter 11 Cases.

6.     The Debtors, headquartered in Charleston, West Virginia, collectively operate privately owned information and entertainment businesses consisting of the flagship newspaper, The Charleston Gazette-Mail, as well as a related website, weekly publications, a saturation mail product and the following verticals: www.wvcarfinder.com; www.wvrealestatefinder.com; www.wvjobfinder.com; and www.gazettemailclassifieds.com.  The Debtors employ, collectively, approximately 210 people, approximately 170 of which are full-time employees and 40 of which are part-timers.

7.     In the past several years, competition from alternative news sources and a general decline in newspaper readership have contributed to a decline in the Debtors' revenue.  Additionally, competition from internet-based advertising alternatives has eroded traditional print media sources of revenue for the Debtors and across the newspaper industry.

8.     In response to declining revenues, the Debtors have worked hard to implement all reasonable measures to minimize operational expenses.  As much as possible, the Debtors have reduced headcount, minimized unprofitable activities, and carefully implemented certain price increases.  The Debtors have also placed a greater emphasis on increasing their digital advertising services to keep pace with the rapidly changing digital marketplace.

9.     Notwithstanding the Debtors' strategic measures to reduce expenses and increase revenues while maintaining the highest quality product that the Charleston region has come to expect, the Debtors have not been able to fully achieve their goals to enable them to continue

operating under their current circumstances.  For example, not only have the Debtors been forced to contend with a rapidly changing newspaper environment, but also an arbitration award of nearly $4 million was entered and confirmed against Daily Gazette and DGHC in favor of MediaNews Group, Inc. and Charleston Publishing Company prior to the Petition Date, the Debtors owe more than $15 million to the Pension Benefit Guaranty Corporation in connection with the prepetition termination of Charleston Newspapers' retirement plan, and the Debtors can no longer satisfy their ongoing obligations to their secured lender, United Bank, Inc., to which, as of the Petition Date, the Debtors' owed approximately $15.6 million.

10.     Accordingly, the Debtors have made the decision to sell substantially all of their assets pursuant to section 363 of the Bankruptcy Code.  The Debtors believe that a sale of their assets and operations will maximize the potential return for creditors while ensuring the ongoing viability of their news and information products and the ongoing employment of hundreds of people.  Additional information about the Debtors, including their business operations and the events leading up to the filing of the Chapter 11 Cases, can be found in the First-Day Declaration.

**RELIEF REQUESTED**

11.     By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as Exhibit A, directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1(b). Specifically, the Debtors request that the Court maintain one file and one docket for the Debtors' Chapter 11 Cases under the case of Daily Gazette Company, and that the Chapter 11 Cases be administered under the following caption:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 18-20028 |
| Daily Gazette Company, *et al.*, | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Daily Gazette Company (4480); Daily Gazette Holding Company, LLC (2981); Charleston Newspapers Holdings, L.P. (3028), Daily Gazette Publishing Company, LLC (3074),Charleston Newspapers (6079), and G-M Properties, Inc. (4124). The Debtors' headquarters are located at 1001 Virginia St. E, Charleston, West Virginia 25301.

12. The Debtors also seek the Court's directive that a separate docket entry be made on the docket of each of the Debtors' Chapter 11 Cases, substantially similar to the following:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Daily Gazette Company (4480), Daily Gazette Holding Company, LLC (2981), Charleston Newspapers Holdings, L.P. (3028), Daily Gazette Publishing Company, LLC (3074), Charleston Newspapers (6079), and G-M Properties, Inc. (4124). All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the chapter 11 case of Daily Gazette Company - Case No. 18-20028.

## BASIS FOR RELIEF REQUESTED

13. Bankruptcy Rule 1015 allows the Court to order joint administration "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate." Fed. R. Bankr. P. 1015(b). Moreover, Local Rule 1015-1 also permits joint administration of cases if it "will ease the administrative burden for the Court and the parties." Local R. 1015-1(b).

14. The Debtors are "affiliates" as that term is defined under 11 U.S.C. § 101(2). Also, joint administration will eliminate the need to draft, replicate, file, and serve duplicative notices, applications, and orders and will, therefore, save the Debtors and their estates considerable time and expense. Joint administration will allow the Office of the Clerk of the

United States Bankruptcy Court for the Southern District of West Virginia (the "Clerk" or the "Clerk's Office") to use a single docket for each of the Chapter 11 Cases and enable the Clerk to combine notices to creditors and parties in interest in the Debtors' respective Chapter 11 Cases, relieve the Clerk from entering duplicative orders, and relieve the Clerk from maintaining duplicative files and dockets.

15. Joint administration will also benefit the United States Trustee's Office and other parties in interest by sparing them the time and expense associated with reviewing duplicative pleadings and papers and enabling them to stay apprised of all the various matters before the Court.

16. Numerous motions, applications, and other pleadings are expected to be filed in the Chapter 11 Cases that will affect each of the Debtors. Joint administration will allow counsel to the various parties in interest to use a single caption for the many pleadings that will be filed and served in the Chapter 11 Cases.

17. Joint administration will not adversely affect the rights of any of the Debtors' creditors or other parties in interest because this Motion seeks the consolidation of the Debtors' estates for procedural purposes only. This Motion does not seek substantive consolidation. Accordingly, each creditor may still file its claim against a particular Debtor's estate.

18. For the foregoing reasons, the Debtors submit that the relief requested herein is necessary, appropriate, and in the best interest of the Debtors, their creditors, and their estates and that the Motion should therefore be granted.

## **NOTICE**

19. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) the top 20 unsecured creditors of each of the Debtors; (c) the Office of the United States Attorney for the District of West Virginia; (d) the Internal Revenue Service; and (e)

138107933.1

counsel to United Bank.

    WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and any other and further relief that the Court deems just and proper.

DATED:  January 30, 2018            **SUPPLE LAW OFFICE, PLLC**

                                    By: */s/ Joe M. Supple*
                                          Joe M. Supple, Bar. No. 8013
                                          801 Viand St.
                                          Point Pleasant, WV 25550
                                          Telephone: 304.675.6249
                                          Facsimile: 304.675.4372
                                          joe.supple@supplelaw.net

                                           - and -

                                          Brian A. Audette, Ill. Bar No. 6277056
                                          PERKINS COIE LLP
                                          131 S. Dearborn St., Suite 1700
                                          Chicago, IL 60603
                                          Telephone: 312.324.8534
                                          Facsimile: 312.324.9534
                                          baudette@perkinscoie.com

                                          *Proposed Co-Counsel to the Debtors and Debtors-in-Possession*

## **Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Daily Gazette Company, | ) | Case No. 18-20028 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FEIN:  55-0154480 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Daily Gazette Holding Company, LLC, | ) | Case No. 18-20029 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FEIN:  20-1022981 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Charleston Newspapers Holdings, L.P., | ) | Case No. 18-20030 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FEIN:  20-1023028 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Daily Gazette Publishing Company, LLC, | ) | Case No. 18-20032 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FEIN:  20-1023074 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Charleston Newspapers, | ) | Case No. 18-20033 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FEIN:  55-0676079 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| G-M Properties, Inc., | ) | Case No. 18-20034 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FEIN:  55-0514124 | ) | |

**ORDER GRANTING DEBTORS' MOTION FOR ORDER AUTHORIZING
JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES PURSUANT TO
FED. R. BANKR. P. 1015(b) AND LOCAL RULE 1015-1(b)**

Upon the motion (the "Motion")[1] of the above-captioned Debtors for entry of an order authorizing the joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1(b) for procedural purposes only, as set forth more fully in the Motion; and upon the Declaration of Norman W. Shumate III in Support of Chapter 11 Filings and First-Day Motions, filed contemporaneously with this Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the relief requested therein being a core proceeding as defined in 28 U.S.C. § 157(b); and due and proper notice having been given to the parties listed in the Motion, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates, creditors, and equity security holders; and upon all of the proceedings had before the Court and upon due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 18-20028, the case number for Daily Gazette Company.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3. The caption of the jointly administered Chapter 11 Cases shall be:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 18-20028 |
| Daily Gazette Company, *et al.*, | ) | |
| | ) | |
| Debtors.[1] | ) | |

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Daily Gazette Company (4480); Daily Gazette Holding Company, LLC (2981); Charleston Newspapers Holdings, L.P. (3028), Daily Gazette Publishing Company, LLC (3074), Charleston Newspapers (6079), and G-M Properties, Inc. (4124). The Debtors' headquarters are located at 1001 Virginia St. E, Charleston, West Virginia 25301.

4. A docket entry shall be made in each of the Debtors' Chapter 11 Cases to reflect the joint administration of these Chapter 11 Cases substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Daily Gazette Company (4480), Daily Gazette Holding Company, LLC (2981), Charleston Newspapers Holdings, L.P. (3028), Daily Gazette Publishing Company, LLC (3074), Charleston Newspapers (6079), and G-M Properties, Inc. (4124). All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the chapter 11 case of Daily Gazette Company - Case No. 18-20028.

5. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of West Virginia shall keep, one consolidated docket, one file and one consolidated service list.

6. Nothing contained in this Order shall be interpreted as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

138112400.1

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

9. The Court shall retain jurisdiction with respect to all matters pertaining to the interpretation and implementation of this Order.

Dated:_____, 2018

_____
UNITED STATES BANKRUPTCY JUDGE

138112400.1